## Lessee of John Maxwell Nesbit *against* Peter Titus and James Karr, tenants, James Rankin, landlord.

Evidence shall not be received of the declarations of the secretary of the land office at the time of issuing a warrant; or of the claim of the party to certain lands; or of his intentions in taking out the warrant.

But applications to the deputy surveyor to make a survey, and what passed thereon, are good evidence.

ON the trial of this cause, Alexander Lowrey was sworn as a witness on the part of the defendants, who had taken out the warrant under which James Rankin the landlord, claimed. It was contended that he should be permitted to give in evidence the parol declarations of the secretary of the land office, at the time of issuing of the warrant, the claim of Rankin to the *lands in question, and his intentions in taking out [*285 the warrant; and also the applications of the witness, as agent of Rankin, to Richard Tea the deputy surveyor of the district, to cause the lands to be surveyed, and what passed thereupon.

By the court. It would be of the most mischievous consequence to the community to allow the two first species of evidence to be given; nor under such a practice could any one be safe in his title to lands. It would introduce every evil which the act of assembly respecting frauds and perjuries, was intended to prevent. The warrant must be judged of as it appears on the face of it, and whether it is sufficiently descriptive of, or locates precisely the lands in question, can only be determined by testimony ascertaining the local situation of the lands, and the natural or artificial boundaries or marks contained therein. The intention of the party is of no moment, unless it is reduced to writing in the warrant; nor can the declarations of the secretary of the land office have any legal operation. If any particular agreement was made, or special indulgences intended by him in behalf of the applicant, they should have been committed to writing, or inserted in the warrant, or in the written directions to the deputy surveyor to make the survey, that they might be open to the view of every one who might be desirous of investigating the title.

As to the applications by the witness to the deputy surveyor to make the survey, and what passed thereon, it is proper evidence; because it is an act done in prosecution of the title, and tends to shew that no laches or neglect is imputable to the party who took out the warrant, but that he made the proper efforts to complete his title. Such evidence has constantly been received. Were it otherwise, it would scarcely ever be possible to shew fraud or improper conduct on the part of the deputy surveyors. In contests like the present, it is of great

[Nesbit, Lessee *v.* Titus et al.]

moment to establish that the party's pretensions have been duly followed up without negligence; that he has not lain idly by while surveys have been made on the lands for other persons; and that when a survey adverse to his claims has been made, he has filed his *caveat* in a reasonable time for bringing the matter to a hearing before the board of property.

Messrs. Duncan and C. Smith, *pro quer.*

Messrs. Hamilton and Riddle, *pro def.*

Cited in 3 Watts, 469, to support the proposition that the intention of the party is of no moment unless reduced to writing in the warrant.
Cited also in 8 Watts, 120, to show that in the older cases no difference was made between a warrant and location as to the effect of laches.